IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEENA BEARD,

Plaintiff,

v.   No. 1:11-cv-01067 RB/WDS

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY and STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant's Motion to Sever, Bifurcate, And Stay. (Docket No. 22)  The Honorable Robert Brack, United States District Judge, has referred the matter to the undersigned for a report and recommendation.  The United States Magistrate Judge, having read said Motion, considered the memoranda in support and in opposition to the Motion and being otherwise fully advised, finds and recommends that the Motion should be granted.  The court makes the following findings and recommended disposition.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Deena Beard ("Beard") was a passenger in a car stopped at a red light, with a second car stopped behind her.  A hit and run driver hit the rear of the second car, and drove it into the car in which Beard was a passenger.  The hit and run driver was never identified.

Defendant Allstate insured the vehicle in which Beard was a passenger.  Beard made a claim for uninsured motorist benefits under the policy.  Allstate did not pay damages to Beard under the uninsured motorist provisions.  Beard claims Allstate denied her claim, but neither party has attached a denial letter to their moving papers.  Instead, it appears that Allstate is claiming that

Beard was not injured in the accident, and therefore not entitled to recover on her uninsured motorist claim. Beard appears to be claiming that she sustained a shoulder injury in the accident, and Allstate appears to be claiming that the injury was actually sustained some time before the accident, while Beard was lifting a child.

This action is a suit seeking damages based upon allegations of breach of contract, breach of fiduciary duty and insurance bad faith, violation of the New Mexico Insurance Code and violation of the New Mexico Unfair Practices Act. Beard filed suit in a state district court for the State of New Mexico, and Allstate removed the action to federal court. Federal jurisdiction in this matter is premised upon the diversity of citizenship of the parties.

By the instant motion, Allstate seeks an order from the Court severing Beard's extracontractual claims from her breach of contract claim. In addition, Defendant requests that the Court stay all discovery and all proceedings related to the extra-contractual claims while the contractual claim is resolved.

**LEGAL ANALYSIS**

Fed.R.Civ.P. 42(b) permits the Court to bifurcate a trial for the convenience of the parties or Court, to avoid prejudice, or to promote judicial economy. Discretion to bifurcate a civil action rests with the Court. *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1288 (10th Cir. 1999). The moving party must demonstrate the need for a separate trial, as a single trial normally lessens the expense and inconvenience of litigation. *See Dixon v. Certainteed Corp.*, 166 F.R.D. 487, 488 (D.Kan. 1996). Beard argues that there will be a significant overlap in evidence relating to the contract and the extra-contractual claims she brings and that, therefore, those claims should be tried together. Beard also notes that her claims do not involve issues of liability, as she was a passenger in a stopped vehicle that was rear ended. Rather, the issue for trial appears to be whether Beard was

injured in the accident, and, if so, the amount of damages.

New Mexico state courts have acknowledged that there is an adversarial aspect of uninsured motorist claims:

> We recognize that an insurer has a dual role with respect to uninsured motorist coverage. . . . The difficulty arises because the insurer, on the one hand, sold the policy and thus has an obligation to its insured, unlike third-party coverage situations. On the other hand, however, the insurer assumes an adversary role as to questions involving the uninsured motorist's negligence and any available defenses he might have. This dual capacity was addressed in *Craft v. Economy Fire & Cas. Co.*, 572 F.2d 565 (7th Cir.1978), where the court held:. . . [T]he insurer stands in the shoes of the uninsured motorist with regard to the question of whether the latter was negligent and with regard to his defenses such as contributory negligence. (Emphasis added)

*Hendren v. Allstate Insurance Co.*, 100 N.M. at 506 (App. 1983). More than twenty years later, in *Hovet v. Allstate Insurance Co.*, 135 N.M. 397 (2004) the New Mexico Supreme Court ruled that the "statutory duty under Section 59A-16-20(E) [of the Unfair Claim Practices Act], to attempt reasonable settlement efforts of an 'insured's claims,' includes in the context of automobile liability insurance attempting in good faith to settle the claim of a third party. 135 N.M. at 403.

The significance of the ruling in *Hovet* is that, while underinsured motorist claims and third party claims proceed under different provisions of an automobile insurance policy, for practical purposes the insurer has the same "dual role" in dealing with both uninsured motorist claimants and third party claimants. Both are, on the one hand, adversaries to the insurance company, but both are also owed a duty of good faith and fair dealing by the insurer.

Beard's attempts to distinguish *Hovet* are not well taken. Beard characterizes her uninsured motorist claim as a breach of contract claim, and characterizes the claim in *Hovet* as a third party

negligence claim, concluding that the case has no relevance to this matter. However, as noted above, the relevance of the case is the similar nature of the relationship between the insurer and both uninsured motorist claimants and third party claimants.

Accordingly, the Court finds the Supreme Court's discussion of the manner in which third parties may bring bad faith claims against insurance companies highly relevant to the instant dispute between Beard and Allstate. In *Hovet*, the court stated

> [W]e are appropriately reminded by the parties and by their amicus curiae of the potential confusion that awaits us if we were to allow lawsuits for unfair settlement practices to proceed simultaneously with the underlying negligence litigation. Counsel for amicus New Mexico Trial Lawyers Association stipulated that unfair claims practices actions should be stayed until the negligence action is resolved, so as to avoid unfair prejudice to the insurer. We go a step further. We require that any such action for unfair claims practices based on failure to settle may only be filed after the conclusion of the underlying negligence litigation, and after there has been a judicial determination of fault in favor of the third party and against the insured.
> . . .
>
> The precondition of a prior judicial determination of liability should alleviate some of the concerns expressed by amicus New Mexico Defense Lawyers Association regarding ethical implications of compelling attorneys to appear as witnesses in their own cases. Their appearance, if any, should be confined to subsequent litigation, when ethically appropriate.

135 N.M. 397, 404-405

In determining whether to grant or deny bifurcation of this matter, the Court is not bound by *Hovet*, and the Court acknowledges that this is a claim for uninsured motorist coverage, not a third party claim. However, the Court sees no practical distinction between the two types of claims, and in terms of the duty of good faith owed by the insurer, there is no difference. In the Court's opinion the policy considerations noted in *Hovet* are squarely in favor of bifurcation, both to prevent prejudice and to promote judicial economy. The Court adds that although the *Hovet* court noted the ethical implications of defense attorneys appearing as witnesses in their own cases, plaintiffs

attorneys who engaged in negotiations with an insurer before filing either a third party claim or an underinsured motorist claim, as here, would in all likelihood be witnesses in a case seeking extracontractual or bad faith damages. They would be witnesses not only at trial, but for purposes of depositions and other discovery if discovery were allowed on claims that were stayed. The Court agrees with the New Mexico Supreme Court that the ethical issues are problematic whether they arise in discovery or at trial.

The Court recommends that Allstate's Motion to Sever, Bifurcate, and Stay (Doc. 22) be granted. Trial of Beard's claim for uninsured motorist coverage would proceed and, if necessary, discovery and trial of Beard's extra-contractual claims would follow.

## NOTIFICATION

**THE PARTIES ARE NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
W. Daniel Schneider
United States Magistrate Judge